NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIQIANG YANG,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 20-73675<br><br>Agency No. A208-429-602<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and VRATIL,[***] District Judge.

Petitioner Liqiang Yang seeks review of a decision of the Board of

Immigration Appeals ("Board") dismissing his appeal of a decision by an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

immigration judge ("IJ") denying his application for asylum. Although the IJ also denied petitioner's applications for withholding of removal and protection under the Convention Against Torture ("CAT"), petitioner only challenges the denial of asylum on appeal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review. Because the Board conducted its own review and did not adopt the IJ's decision, we review the Board's decision for substantial evidence. *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021). The agency's determination will be upheld if "it is supported by reasonable, substantial, and probative evidence in the record." *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009).

To be eligible for asylum, petitioner must establish a "subjectively genuine and objectively reasonable" fear of persecution. *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (quoting *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir. 2004); 8 C.F.R. § 1208.13(a). The objective prong requires a showing of "a good reason to fear future persecution based on credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (quoting *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000)).

Petitioner did not present credible, direct, specific evidence that he had an objectively reasonable fear of persecution. As a result, the Board reasonably concluded that he had not met his burden of proof. The Board noted that the State

Department Human Rights Report for China did not support petitioner's contention that the Chinese government would persecute him because he expressed dissatisfaction with the government in one letter to the government. The Board also found that standing alone, a letter from petitioner's friend in China about an "outstanding arrest warrant" was not direct or credible evidence that the government would persecute him—especially since the Chinese government had never contacted petitioner's family regarding his whereabouts. These findings constitute substantial evidence in support of the Board's conclusion that petitioner did not meet his burden of proof.

Petitioner argues that the IJ improperly failed to provide petitioner with notice and an opportunity to produce corroborative evidence of the Chinese government's intent to persecute him. This issue is not properly before this Court because petitioner did not exhaust the issue on appeal to the Board. *See* 8 U.S.C. § 1252(d)(1) (court may review final order of removal only if non-citizen has exhausted all administrative remedies available to him).

Because the Board did not err in denying Petitioner's asylum application on the merits, we do not address his challenges to the IJ's alternative conclusion that his asylum application was untimely. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW DENIED.**